IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MERVIN THOMAS; WILLET NOON; KEITH AND HELEN TAYLOR; IRMA HENDERSON; MICHAEL AND TARA HILL; WILLIE AND FLORASTINE HOWARD; WILLIAM AND KAREN HUMPHREY; CLEO REID; RONNIE AND SHARON ROSE; AND LINDA PETTWAY<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>Defendant. | CASE NUMBER<br><br>1:07-cv-00652-C |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS OF PLAINTIFF MERVIN THOMAS AND PLAINTIFFS WILLIAM AND KAREN HUMPHREY**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.[1]  Such is the case here.  Three of the

---

[1] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal*¸ 402 F.3d 1087, 1089 (11th Cir. 2005).

1609892 v1

plaintiffs in the present matter allege that they each obtained "residential real estate mortgage loan[s]" in the summer of 2004[2] and that they each "notified AMC of their election to rescind the loan" more than three years later.[3]

The statute under which plaintiffs seek relief provides, in relevant part:

> An obligor's right to rescind shall expire ***three years*** after the date of the consummation or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .[4]

In other words, even assuming that the allegations in plaintiffs' Complaint were true, plaintiffs' rights to rescind had already expired ***before*** they allegedly "elect[ed] to rescind" more than three years later:

- Plaintiff Mervin Thomas allegedly obtained his loan on July 30, 2004.[5] Even if he had never been provided notice of his rescission rights at the time he obtained his loan in 2004, his right to rescind would have expired three years later as of July 30, 2007.[6] Mr. Thomas, however, alleges that he did not

---

[2] Doc. 1, Compl., ¶¶ 14 & 80.

[3] *Id.* at ¶¶ 18 & 84.

[4] 15 U.S.C. § 1635(f) (emphasis added).

[5] Doc. 1, Compl., ¶ 14. The plaintiff is identified as "Mr. Brown" in paragraph 14 of the Complaint, but in the preceding paragraph the same plaintiff is identified as "Mervin Thomas."

[6] *See* 15 U.S.C. § 1635(f).

attempt to notify defendant of his rescission until August 15, 2007,[7] which was ***more than three years later***.

- Plaintiffs William and Karen Humphrey allegedly obtained their loan on June 22, 2004.[8] Even if they had never been provided notice of their rescission rights at the time they obtained their loan in 2004, their rights to rescind would have expired three years later as of June 22, 2007.[9] The Humphreys, however, allege that they did not attempt to notify defendant of their rescission until July 18, 2007,[10] which was also ***more than three years later***.

As such, these plaintiffs' claims are frivolous on their face.

Moreover, any claims regarding defendant's alleged "fail[ure] to give proper notice of Plaintiff's right to cancel the transaction"[11] are barred by the relevant statute of limitations. A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[12] In this case, the statute under which plaintiff seeks relief provides, in relevant part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within***

---

[7] Doc. 1, Compl., ¶ 18.

[8] *Id.* at ¶ 80.

[9] *See* 15 U.S.C. § 1635(f).

[10] Doc. 1, Compl., ¶ 84.

[11] *See id.* at ¶¶ 23(B) & 89(B).

[12] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

*one year from the date of the occurrence* of the violation."[13]  The violation that plaintiffs apparently allege (i.e., "failing to provide proper notice") allegedly occurred on July 30, 2004 and June 22, 2004, respectively.[14]  As such, plaintiffs' Complaint, filed *more than three years later* on September 14, 2007, was clearly filed outside of the statute's one-year limitations period.

**WHEREFORE**, defendant respectfully requests that the Court enter an order dismissing the claims of plaintiffs Mervin Thomas and plaintiffs William and Karen Humphrey.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

---

[13] 15 U.S.C. § 1640(e) (emphasis added).

[14] *See* Doc. 1, Compl., ¶¶ 14 & 80.

## CERTIFICATE OF SERVICE

     I hereby certify that on October 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

        Kenneth J. Riemer, Esq.
        P.O. Box 1206
        Mobile, Alabama  36633

        Earl P. Underwood, Jr., Esq.
        James D. Patterson, Esq.
        Law Offices of Earl P. Underwood, Jr.
        P.O. Box 969
        Fairhope, Alabama 36533-0969

                             s/ Stephen J. Bumgarner
                             OF COUNSEL