## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MERVIN THOMAS; WILLET NOON;  )
KEITH AND HELEN TAYLOR; IRMA  )
HENDERSON; MICHAEL AND  )
TARA HILL; WILLIE AND  )
FLORASTINE HOWARD; WILLIAM  )
AND KAREN HUMPHREY; CLEO  )
REID; RONNIE AND SHARON ROSE;  )
AND LINDA PETTWAY  )
  )
  )
      Plaintiffs,  )
  )      CASE NUMBER
v.  )
  )      1:07-cv-00652-C
AMERIQUEST MORTGAGE  )
COMPANY,  )
  )
      Defendant.  )
  )

---

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

---

According to the allegations in plaintiffs' Complaint, fifteen different plaintiffs belatedly attempted to rescind ten different "residential real estate mortgage loan[s]" at a time period ranging anywhere between seventeen and thirty-six months, respectively, after the different plaintiffs had originally obtained their "residential real estate mortgage loan[s]." Plaintiffs were provided ample notice of their rights to rescind at the time of the underlying transactions back in 2004, 2005,

and 2006, respectively.   None of the plaintiffs took any action at the time.   The Court should dismiss plaintiffs' time-barred claims under Rule 12(b)(6).

In support of its Motion, the defendant respectfully states as follows:

## I.  FACTS

The following facts are alleged in plaintiffs' Complaint or are otherwise likely to be undisputed by the parties:

1.    Plaintiffs allege that each of them obtained a "residential real estate mortgage loan" from defendant:[1]

    a.    Plaintiff Mervin Thomas allegedly obtained his loan on July 30, 2004.[2]

    b.    Plaintiff Willet Noon allegedly obtained his loan on March 7, 2006.[3]

    c.    Plaintiffs Keith and Helen Taylor allegedly obtained their loan on January 3, 2005.[4]

---

[1] Doc. 1, Compl., ¶¶ 14, 25, 36, 47, 58, 69. 80, 91, 102, & 113.  Of course, if the Court were to opt not to dismiss plaintiffs' Complaint, the Court would also need to consider whether all fifteen plaintiffs are properly joined in this action under Rule 20(a).   See FED. R. CIV. P. 20(a).   There are at least ten separate "residential real estate mortgage loan[s]" placed at issue by plaintiffs' Complaint.

[2] Doc. 1, Compl., ¶ 14.   The plaintiff is identified as "Mr. Brown" in paragraph 14 of the Complaint, but in the preceding paragraph the same plaintiff is identified as "Mervin Thomas."

[3] Id. at ¶ 25.

[4] Id. at ¶ 36.  The Taylor loan appears to have been obtained on January 4, 2006, not January 3, 2005 as alleged in the Complaint.   Presumably the 2005 date and the January 3 reflect typographical errors in the Complaint.

d.    Plaintiff Irma Henderson allegedly obtained her loan on May 23, 2005.[5]

e.    Plaintiffs Michael and Tara Hill allegedly obtained their loan on December 18, 2004.[6]

f.    Plaintiffs Willie and Florastine Howard allegedly obtained their loan on March 11, 2005.[7]

g.    Plaintiffs William and Karen Humphrey allegedly obtained their loan on June 22, 2004.[8]

h.    Plaintiff Cleo Reid allegedly obtained her loan on July 18, 2004.[9]

i.    Plaintiffs Ronnie and Sharon Rose allegedly obtained their loan on June 16, 2004.[10]

j.    Plaintiff Linda Pettway allegedly obtained her loan on June 29, 2005.[11]

---

[5] *Id.* at ¶ 47.  The 2005 loan documents reflect a date of May 24, 2005, not May 23, 2005 as alleged in the Complaint.  Presumably, the May 23 date reflects a typographical error in the Complaint.  Also, the 2005 loan documents identify Clarence Henderson as a borrower.  Mr. Henderson is not a party to this suit.

[6] *Id.* at ¶ 58.

[7] *Id.* at ¶ 69.

[8] *Id.* at ¶ 80.

[9] *Id.* at ¶ 91.  The 2004 loan documents reflect a date of July 19, 2004, not July 18, 2004 as alleged in the Complaint.  Presumably, the July 18 date reflects a typographical error in the Complaint.

[10] *Id.* at ¶ 102.

[11] *Id.* at ¶ 113.

2.      For at least one of the plaintiffs, this was not her first time obtaining a loan from defendant.  Plaintiff Cleo Reid appears to have re-financed an earlier 2000 loan and, in doing so, lowered her annual percentage rate from 12.520% to 9.542%.[12]

3.      Plaintiffs admit that they were provided "form notices" of their rescission rights at the time of closing,[13] but they allege that these notices were "blank, unsigned and not dated" and that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction."[14]

4.      Plaintiffs admit that they each were provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[15] but they allege that this notice was "confusing" and was "also delivered unsigned and undated."[16]

5.      Plaintiff do not dispute that they each signed the "NOTICE OF RIGHT TO CANCEL" form and specifically acknowledged:  "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL

---

[12] *See* Reid Truth-In-Lending Disclosure Statements, attached as Exs. A & B hereto (with loan numbers redacted).

[13] *Id.* at ¶ 8.

[14] *Id.* at ¶¶ 15, 26, 37, 48, 59, 70, 81, 92, 103, & 114.

[15] *Id.* at ¶ 9.

[16] *Id.* at ¶¶ 16, 27, 38, 49, 60, 71, 82, 93, 104 & 115.

and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[17]    Plaintiffs also do not dispute that they specifically acknowledged, at closing, receipt of defendant's "ONE WEEK CANCELLATION PERIOD" form,[18] which contractually provided plaintiffs a longer cancellation period than was required by the federal statute.

6.    Notwithstanding being informed, on July 30, 2004, March 7, 2006, January 4, 2006, May 24, 2005, December 18, 2004, March 11, 2005, June 22, 2004, July 19, 2004, June 16, 2004, and June 29, 2005, respectively, of their rights to rescind,[19] the plaintiffs did ***not*** attempt to rescind their loans until they allegedly sent letters on August 15, 2007 (Thomas, Noon, & Taylor), February 7, 2007

---

[17] *See* Exs. C-L, attached hereto (with loan numbers redacted). If the Court determines that it needs to evaluate these "NOTICE OF RIGHT TO CANCEL" forms in order to dismiss plaintiffs' claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56: "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, the contents of the "NOTICE OF RIGHT TO CANCEL" documents do not appear to be in dispute: "'Undisputed' in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiffs, presumably, do not dispute the authenticity of their own signatures.

[18] *See* Exs. M-V, attached hereto (with loan numbers redacted). Per footnote 17, *supra*, the Court may consider these "ONE WEEK CANCELLATION PERIOD" forms on a Rule 12(b)(6) motion.

[19] Doc. 1, Compl., ¶¶ 8-9; *see* Exs. C-V, attached hereto.

(Henderson), August 24, 2007 (Hill & Howard), July 18, 2007 (Humphrey), June 20, 2004 (Reid), May 10, 2007 (Rose), and August 20, 2007 (Pettway), respectively.[20]  In other words, all plaintiffs waited ***more than seveteen months*** before attempting to rescind and some waited ***more than three years***.

7.    Then, on September 14, 2007, plaintiffs filed the present action against the defendant, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaration that security interests are void, return of moneys, declaration that plaintiffs have no duty to tender loan proceeds to defendant, and attorney fees and costs.[21]

## II. <u>ARGUMENT</u>

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.[22]  Courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[23]  Moreover,

---

[20] Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106, & 117.

[21] *Id.* at unnumbered "WHEREFORE" paragraphs following ¶¶ 23, 34, 45, 56, 67, 78, 89, 100, 111, & 122.

[22] Fed. R. Civ. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal¸* 402 F.3d 1087, 1089 (11th Cir. 2005).

[23] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

a Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[24]

The statute under which plaintiff seeks relief, the Truth-in-Lending Act, provides, in relevant part:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[25]  Plaintiffs' claims are premised on "residential real estate mortgage loan[s]" that they allegedly obtained between June 16, 2004 and March 7, 2006,[26] so any claims based on Truth-in-Lending violations at the time of closing are ***barred by the statute of limitations***. As such, any relief plaintiffs may seek for Truth-in-Lending violations unrelated to their attempted rescissions beginning on February 7, 2007[27] are time-barred.

At least one of the plaintiffs only enjoyed a limited right to rescind in the first instance.  Plaintiff Cleo Reid appears to have re-financed an earlier 2000 Ameriquest loan and, in doing so, reduced her annual percentage rate from

---

[24] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[25] 15 U.S.C. § 1640(e) (emphasis added).

[26] *See* Doc. 1, Compl., ¶¶ 14, 25, 36, 47, 58, 69, 80, 91, 102, & 113.

[27] *See id.* at ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

12.520% to 9.542%.[28]    Under the federal regulation, a right to rescind on a re-financing with the same lender applies only "to the extent the new amount exceeds the unpaid principle balance, any earned unpaid finance charge on the existing debts, and amounts attributed solely to the costs of the refinancing or consolidation."[29]    In other words, it is unclear why plaintiffs would want to rescind the 2004 Reid loan.  If this later loan were rescinded, plaintiff Cleo Reid would end up owing defendant money under a ***higher*** interest rate.

Moreover, the Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[30]    However, if such notice is never provided, the "right of rescission shall expire ***three years*** after the date of

---

[28] *See* Reid Truth-In-Lending Disclosure Statements, attached as Exs. A & B hereto (with loan numbers redacted).

[29] 12 C.F.R. § 226.23(f)(2).  A lender need not provide special notice to inform borrower that the right to rescind applies only to the re-financing, nor is the lender obligated to specifically inform the borrower that, if the re-financing is rescinded, she will remain obligated to pay under the original loan.  *See Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 19 (1st Cir. Apr. 19, 2007); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996).

[30] 15 U.S.C. § 1635(a) (emphasis added).

consummation of the transaction."[31]  As briefed and set forth in a separate motion before this Court, three of the plaintiffs -- plaintiff Mervin Thomas and plaintiffs William and Karen Humphrey -- admit in the Complaint that they ***never once*** attempted to rescind ***within three years*** of when they allegedly obtained their loans.[32]

Plaintiffs' allegation in this case that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction"[33] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" forms and "ONE WEEK CANCELLATION PERIOD" forms that each of the plaintiffs signed on July 30, 2004, March 7, 2006, January 4, 2006, May 24, 2005, December 18, 2004, March 11, 2005, June 22, 2004, July 19, 2004, June 16, 2004, and June 29, 2005, respectively.[34]  Under the statute, plaintiffs' acknowledgements create a "rebuttable presumption" that they received the forms.[35]  Plaintiffs in this case apparently ***do not dispute the authenticity*** of their respective acknowledgments.  Instead, plaintiffs' Complaint raises two unrelated challenges to

---

[31] 15 U.S.C. § 1635(f) (emphasis added).

[32] *See* Doc 1, Compl., ¶¶ 14, 18, 80, & 84.

[33] *Id.* at  ¶¶ 15, 26, 37, 48, 59, 70, 81, 92, 103 & 114.

[34] *See* Exs. C-V, attached hereto.

[35] 15 U.S.C. § 1635(c).

the presumption that they each were informed of their rescission rights at the time of closing.

**First**, plaintiffs allege that their copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copies.[36]  This allegation is intended to bring plaintiffs' claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[37] and the Ninth Circuit's *Semar* holding.[38]  The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[39] -- held that a lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f).  However, the First Circuit's recent decision in *Palmer v. Champion Mortgage*[40] is more instructive as to the facts alleged at bar.  In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed

---

[36] Doc. 1, Compl., ¶¶ 15, 26, 37, 48, 59, 70, 81, 92, 103 & 114.

[37] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[38] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[39] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

[40] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

she had not received her copies of this form until sometime after April 1. The *Palmer* court noted that the Notice also "twice indicated in plain language that, in the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[41] The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[42]

In the present case, as in *Palmer*, the "NOTICE OF RIGHT TO CANCEL" forms that each of the plaintiffs admittedly took home at closing[43] twice indicated to them that they had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, none of the plaintiffs disputes that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the copies each of the plaintiffs signed on July 30, 2004, March 7, 2006, January 4, 2006, May 24, 2005, December 18, 2004, March 11, 2005, June 22, 2004, July 19, 2004, June 16, 2004,

---

[41] *Id.* at 27-28.

[42] *Id.* at 29.

[43] Doc. 1, Compl., ¶ 8.

and June 29, 2005, respectively.[44]    It is well-settled in the Eleventh Circuit that

"***TILA does not require perfect notice***; rather it requires a clear and conspicuous

notice of rescission rights."[45]    In this case, ***each plaintiff admits that he/she was

informed of his/her right to rescind at the time of closing***.[46]    As such, plaintiffs'

claims are due to be dismissed under Rule 12(b)(6).

      **Second**, plaintiffs seek to circumvent the statutory proviso giving them until

"midnight of the third business day following the consummation of the

transaction"[47] to rescind, by alleging that the additional "ONE WEEK

CANCELLATION PERIOD" form they signed was "confusing" and "obscur[ed]"

their "actual statutory rights."[48]    Plaintiffs are apparently seeking to rely on case

law from other circuits analyzing what happens when a lender provides the wrong

or conflicting forms, depending on whether or not the transaction in question is a

"refinancing" transaction.[49]    Although these decisions from other circuits are not

---

[44] *See* Exs. C-L, attached hereto.

[45] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[46] *See* Exs. C-L, attached hereto; Doc. 1, Compl., at ¶¶ 15, 26, 37, 48, 59, 70, 81, 92, 103, & 114.

[47] 15 U.S.C. § 1635(a).

[48] Doc. 1, Compl., ¶¶ 8, 16, 27, 38, 49, 60, 71, 82, 93, 104, & 115.

[49] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two

directly on point, plaintiffs presumably will rely on these authorities to support their claims that defendant in this case somehow "obscur[ed]" their statutory rights to rescind by contractually providing plaintiffs a period of time longer than the three business days set forth in the statute.  In *Veale*, however, the Eleventh Circuit ***specifically disagreed with and declined to follow*** the Third Circuit's *Porter* holding.[50]  Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[51]

In this case, plaintiffs do not dispute that they received and signed, on July 30, 2004, March 7, 2006, January 4, 2006, May 24, 2005, December 18, 2004, March 11, 2005, June 22, 2004, July 19, 2004, June 16, 2004, and June 29, 2005, respectively, both the "NOTICE OF RIGHT TO CANCEL" forms and the "ONE

---

separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

[50] *Veale*, 85 F.3d at 581.

[51] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.'  As the Eleventh Circuit  has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted).  The *Santos-Rodriguez* court further explained that that *Veale* was still good law.  *Id.* at 18 n.10.

WEEK CANCELLATION PERIOD" forms.[52]  It is further undisputed that **_no_**

plaintiff in this case made any attempt to rescind the transactions either within the

statutory three-day period or within the one-week contractual period.  As such,

plaintiffs' rights to rescind expired long before they allegedly began sending

rescission letters on February 7, 2007,[53] and their present claims are due to be

dismissed.

## III.  CONCLUSION

WHEREFORE, defendant respectfully requests that the Court enter an

order dismissing the plaintiffs' Complaint.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

---

[52] *See* Exs. C-V, attached hereto.

[53] Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Kenneth J. Riemer, Esq.
P.O. Box 1206
Mobile, Alabama  36633

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
Law Offices of Earl P. Underwood, Jr.
P.O. Box 969
Fairhope, Alabama 36533-0969

s/ Stephen J. Bumgarner
OF COUNSEL