IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MERVIN THOMAS; WILLET NOON; KEITH AND HELEN TAYLOR; IRMA HENDERSON; MICHAEL AND TARA HILL; WILLIE AND FLORASTINE HOWARD; WILLIAM AND KAREN HUMPHREY; CLEO REID; RONNIE AND SHARON ROSE; AND LINDA PETTWAY<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>Defendant. | CASE NUMBER<br><br>1:07-cv-00652-C |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF MERVIN THOMAS AND PLAINTIFFS WILLIAM AND KAREN HUMPHREY AND IN SUPPORT OF ITS MOTION TO DISMISS**

---

On October 10, 2007, defendant filed two separate motions to dismiss.

The first motion specifically addressed the claims of plaintiff Mervin Thomas and plaintiffs William and Karen Humphrey, who, according to the allegations in their Complaint, waited ***more than three years*** before attempting to rescind their respective loans. Their claims, in particular, lack any sort of

1616465 v1

foundation. Under the statute under which these three plaintiff seek relief, even had they been provided **_no_** notice whatsoever of their statutory rights to rescind at the time they obtained their loans, their statutory rights to rescind would have expired after three years, which was before they allegedly attempted to rescind.

The second motion concerned the Complaint of all fifteen plaintiffs. Although the remaining twelve plaintiffs allege an attempted rescission within three years of their respective loans, none of the plaintiffs had a right to rescind because, at the time they obtained their underlying loans, each of the plaintiffs received a "clear and conspicuous" notice of his/her rescission rights. As such, plaintiffs' Complaint is due to be dismissed under Rule 12(b)(6).

In filing their Response (Doc. 13) on October 23, 2007, plaintiffs filed one response and did not separately address the two separate motions. Accordingly, defendant is filing a combined reply brief, addressing both of its October 10 motions:

> **A.  Defendant Is Not Seeking Dismissal Simply Based On A Statute Of Limitations; Rather, At The Time Plaintiffs Allegedly Sought To Rescind, Plaintiffs Enjoyed No Right to Rescind.**

In their October 23 Response, plaintiffs falsely state: "[T]he statute of limitations for rescission claims is three years."[1] This statement mischaracterizes

---

[1] Doc. 13, Response, at p. 5.

the statute. The statute of limitations for any TILA action is one year,[2] and thus, any claims against a lender alleging that the lender violated TILA by failing to effect rescission must be brought within one year of the borrower's alleged rescission. In this case, all fifteen plaintiffs brought their claims within one year of when they allegedly sent their rescission letters,[3] so the one-year statute of limitations is not itself a problem with plaintiffs' rescission claims.

Of course, as defendant noted in moving to dismiss, the one-year statute of limitations ***is*** a problem with any claims plaintiffs may be attempting to bring regarding "residential real estate mortgage loan[s]" allegedly obtained between June 16, 2004 and March 7, 2006,[4] to the degree such claims are unrelated to plaintiffs' alleged attempted rescissions beginning February 7, 2007.[5]

However, as to the plaintiffs' rescission claims, the question is ***not*** whether the claims are barred by TILA's one-year statute of limitations (they are not); rather this question is ***whether plaintiffs enjoyed any statutory rescission rights at the time they allegedly began sending their rescission letters on February 7, 2007***.[6]

---

[2] 15 U.S.C. § 1640(e).

[3] *See* Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

[4] *See id.* at ¶¶ 14, 25, 36, 47, 58, 69, 80, 91, 102, & 113.

[5] *See id.* at ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

[6] *See id.*

For three of the plaintiffs, the answer to this question is extremely straight-forward. Plaintiff Mervin Thomas and plaintiffs William and Karen Humphrey waited ***more than three years*** before allegedly attempting to rescind. Under the federal statute under which plaintiffs seek relief, even where ***no*** notice of rescission rights is ever provided, the statutory right to rescind cannot be exercised after three years.[7] Thus, for this reason alone, the rescission claims of plaintiff Mervin Thomas and of plaintiffs William and Karen Humphrey are due to be dismissed under Rule 12(b)(6).

For the remaining twelve plaintiffs, they all allegedly attempted rescission within three years of obtaining their loans. Thus, the question is whether they enjoyed a right to rescind for the full three years, or whether their rescission rights had previously expired. Under the statute under which plaintiffs seek relief, a borrower's right to rescind usually expires three business days after a borrower closes on his/her loan.[8] But, in this case, defendant gave its borrowers up to a full week to consider and rescind their transaction.[9] Thus, the question for this Court is whether alleged defects in either the "NOTICE OF RIGHT TO CANCEL" form or the "ONE WEEK CANCELLATION PERIOD" form -- which all fifteen plaintiffs

---

[7] 15 U.S.C. § 1635(f).

[8] 15 U.S.C. § 1635(a).

[9] *See* Exs. M-V attached to Doc. 9, Defendant's Brief.

signed at the time they obtained their loans[10] -- resulted in any of the plaintiffs not receiving "clear and conspicuous" notice of their rescission rights at the time they obtained their loans.[11] Because plaintiffs admit to receiving "form notices"[12] at the time they obtained their loans and, in fact, all signed these notices at the time,[13] plaintiffs did in fact receive such "clear and conspicuous" notice. As such, plaintiffs enjoyed **_no rights to rescind_** at the time they allegedly began sending rescission letters on February 7, 2007.[14]

  B. **Status Of Transfer By The Judicial Panel On Multidistrict Litigation.**

Five days after filing their Complaint in this Court, plaintiffs filed a "Notice of Tag-Along Action" with the Judicial Panel for Multidistrict Litigation.[15] Thus, this case may eventually be transferred for pre-trial proceedings to the United States District Court for the Northern District of Illinois. Notably, however,

---

[10] *See* Exs. C-V attached to Doc. 9, Defendant's Brief.

[11] *See Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996).

[12] *See* Doc. 1, Compl., ¶¶ 8, 9, 15, 16, 26, 27, 37, 38, 48, 49, 59, 60, 70, 71, 81, 82, 92, 93, 103, 104, 114, & 115.

[13] *See* Exs. C-V attached to Doc. 9, Defendant's Brief.

[14] *See* Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

[15] *See* Ex. W ("Notice of Tag-Along Action"), attached.

plaintiffs in this case have not asked for a stay of proceedings before this Court pending transfer by the Judicial Panel.

If plaintiffs were to ask for such a stay (and they have not), there would still be no reason for this Court to delay ruling on defendant's pending Motions to Dismiss. Of course, given the volume of claims against defendant which plaintiffs' counsel has now gotten transferred from this Court to the United States District Court for the Northern District of Illinois, one could argue that the Illinois court has "experience with similar issues" and "has addressed, or will address, them so often that its facility with them makes it more economical for it to address it than for this Court to do so."[16]  Here, however, the admonition of this Court's recent *Boudin* order are particularly appropriate:  "[N]o plaintiff has a right to delay ruling on a ripe motion to dismiss simply so that case can be transferred to another forum where he believes he might stand a better chance of defeating the motion."[17]

In this case, a determination of whether or not plaintiffs Mervin Thomas and plaintiffs William and Karen Humphrey enjoyed a right to rescind when they allegedly sent their rescission letters ***more than three years after*** they had obtained their loans is not complicated.   There is no special experience that the Illinois

---

[16] *See Boudin v. ATM Holdings, Inc.*, Civil Action No. 07-0018-WS-C, 2007 WL 1841066, at * 1 (S.D. Ala. June 27, 2007); *see also Betts v. Eli Lilly & Co.*, 435 F. Supp.2d 1180, 1182 (S.D. Ala. 2006).

[17] *Boudin*, 2007 WL 1841066, at * 1.

court would have in such a matter. These three plaintiffs' claims should be dismissed based on the face of the Complaint. Plaintiffs should not be permitted to disguise the meritless claims of these three plaintiffs by combining their claims in a Complaint with twelve other plaintiffs and then to further to delay the obvious dismissal of these meritless claims by transferring the claims to another forum. Thus, even if this Court wishes to delay ruling (pending transfer) of the claims of the remaining twelve plaintiffs, there is no reason for this Court to delay ruling on the defendant's Motion to Dismiss the Claims of Plaintiff Mervin Thomas and Plaintiffs William and Karen Humphrey (Doc. 6).

The claims of the remaining twelve plaintiffs are slightly more complicated, insofar as this Court will need to determine, based on the face of the Complaint, whether plaintiffs have sufficiently alleged that they did ***not*** receive "clear and conspicuous" notice[18] of their rescission rights at the time they obtained their loans. Defendant believes that plaintiffs' Complaint[19] (especially when considered in light of the undisputed documents each of the plaintiffs signed[20]) establishes that

---

[18] *See Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996).

[19] *See* Doc. 1, Compl., ¶¶ 8, 9, 15, 16, 26, 27, 37, 38, 48, 49, 59, 60, 70, 71, 81, 82, 92, 93, 103, 104, 114, & 115.

[20] *See* Exs. C-V attached to Doc. 9, Defendant's Brief. In footnote 9 on page 12 of their Response (Doc. 13), plaintiffs say that they have not yet had a

plaintiffs did receive such "clear and conspicuous" notice, and for this reason, plaintiffs' Complaint ought to be dismissed. Moreover, as the Illinois court presumably has little experience applying the Eleventh Circuit's *Smith* and *Veale* standards, it is by no means certain that the Illinois court is better equipped to address the issues posed by defendant's Motion to Dismiss (Doc. 8) than this Court.

### C. Plaintiffs Do Not Dispute That Rescission Would Not Be In The Interest Of Plaintiff Cleo Reid.

As noted in defendant's prior Brief (Doc. 9), at least one of the plaintiffs only enjoyed a limited right to rescind in the first instance. Plaintiff Cleo Reid appears to have re-financed an earlier 2000 Ameriquest loan and, in doing so, reduced her annual percentage rate from 12.520% to 9.542%.[21] Under the federal regulation, a right to rescind on a re-financing with the same lender applies only "to the extent the new amount exceeds the unpaid principle balance, any earned unpaid finance charge on the existing debts, and amounts attributed solely to the costs of the refinancing or consolidation."[22] In other words, it is unclear why

---

chance to review the documents they signed which were attached as exhibits to defendant's Brief (Doc. 9).

[21] *See* Exs. A & B to Defendant's Brief (Doc. 9).

[22] 12 C.F.R. § 226.23(f)(2). A lender need not provide special notice to inform borrower that the right to rescind applies only to the re-financing, nor is the lender obligated to specifically inform the borrower that, if the re-financing is rescinded, she will remain obligated to pay under the original loan. *See Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 19 (1st Cir. Apr. 19, 2007); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996).

plaintiffs would want to rescind the 2004 Reid loan. If this later loan were rescinded, plaintiff Cleo Reid would end up owing defendant money under a **_higher_** interest rate. In plaintiffs' Response (Doc. 13), plaintiffs apparently do not dispute that plaintiff Cleo Reid's claim here is without merit.

### D. Plaintiffs Have Failed To State Rescission Claims Because All Plaintiffs Admit To Receiving Notice Of Their Rights To Rescind.

All of the plaintiffs' rescission rights expired no later than one week after their admitted receipt of the "NOTICE OF RIGHT TO CANCEL" and "ONE WEEK CANCELLATION PERIOD" forms.[23] Moreover, it is apparently undisputed that each of the plaintiffs actually signed "NOTICE OF RIGHT TO CANCEL" and "ONE WEEK CANCELLATION PERIOD" forms back in 2004 and 2005, respectively.[24]

Plaintiffs cite numerous authorities from courts outside the Eleventh Circuit regarding whether -- if, as alleged, plaintiffs took home unsigned and undated copies[25] -- they received adequate notice of their rescission rights at the time they

---

[23] *See* Doc. 1, Compl., ¶¶ 8, 9, 15, 16, 26, 27, 37, 38, 48, 49, 59, 60, 70, 71, 81, 82, 92, 93, 103, 104, 114, & 115.

[24] *See* Exs. C-V attached to Doc. 9, Defendant's Brief. In footnote 9 on page 12 of their Response (Doc. 13), plaintiffs say that they have not yet had a chance to review the documents they signed which were attached as exhibits to defendant's Brief (Doc. 9).

[25] *See* Doc. 1, Compl., ¶¶ 8, 9, 15, 16, 26, 27, 37, 38, 48, 49, 59, 60, 70, 71, 81, 82, 92, 93, 103, 104, 114, & 115. On page 4 of their Response (Doc. 13), plaintiffs also appear to suggest that they were not provided the "requisite . . .

obtained their respective loans back in 2004 and 2005 and signed "NOTICE OF RIGHT TO CANCEL" and "ONE WEEK CANCELLATION PERIOD" forms. However, plaintiffs' Response (Doc. 13) fails to address the controlling Eleventh Circuit authority holding that "***TILA does not require perfect notice***; rather it requires a clear and conspicuous notice of rescission rights."[26]   In this case, ***each plaintiff admits that he/she was informed of her right to rescind at the time of closing***.[27]   As such, plaintiffs' claims are due to be dismissed under Rule 12(b)(6).

Moreover, even if this Court were, contrary to the Eleventh Circuit's holdings in *Highland Bank* and *Veale,* to decide to follow *Semar*[28] and

---

*number of copies*." (emphasis in original).  However, this is not supported by any allegation in plaintiffs' Complaint.  On page 3 of their Response (Doc. 16), plaintiffs suggests that the "requisite number is "two."  However, the Complaint specifically uses the plural form "notices" in referring to the number of forms each individual plaintiff admittedly received.  *See* Doc. 1, Compl., ¶¶ 8, 15, 26, 37, 48, 59, 70, 81, 92, 103, & 114..  Thus, based on the allegations in the Complaint, it is clear that each plaintiff admits to receiving ***at least two copies*** of the notice.  Thus, regarding the statutory forms, the sole issue before the Court is plaintiffs' allegation that these two copies were "blank, unsigned, and not dated."  *See* Doc. 1, Compl., at ¶¶ 8, 15, 26, 37, 48, 59, 70, 81, 92, 103, & 114.

[26] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[27] *See* Doc. 1, Compl., ¶¶ 8, 9, 15, 16, 26, 27, 37, 38, 48, 49, 59, 60, 70, 71, 81, 82, 92, 93, 103, 104, 114, & 115.

[28] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

*Williamson*,[29] this would not end the analysis. Rather, as noted by the Ninth Circuit in *Semar*,[30] the statute provides a good faith defense where the lender has committed a bona fide clerical error.[31] In *Semar*, this defense did not apply to the rescission claim because the defendant had waived it, presumably because the evidence in that case showed that the lender "was aware of the defect and failed to cure it."[32] Here, on the other hand, plaintiffs now for the first time introduce evidence on page 9 of their Response (Doc. 13) that defendant had "closing instructions" emphasizing the importance of dating the "NOTICE OF RIGHT TO CANCEL" forms. Thus, unlike the facts in *Semar*, this would suggest that any omission of the date from plaintiffs' take-home copies in this case was merely the result of a clerical error. Plaintiffs in this case have never alleged defendant was aware of such a clerical error but failed to cure it.

> **E.　Defendant's "ONE WEEK CANCELLATION PERIOD" Form Does Not Extend Plaintiffs' Rescission Rights For 15 U.S.C. § 1635(f)'s Three-Year Period.**

Plaintiffs' Response (Doc. 13) cites case law from other circuits and argues based on this case law that defendant's "ONE WEEK CANCELLATION

---

[29] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[30] *Semar*, 791 F.2d at 705.

[31] *See* 15 U.S.C. § 1640(c).

[32] *Semar*, 791 F.2d at 705.

PERIOD" form (admittedly received by each of the plaintiffs[33]) somehow "obscur[ed]" the Plaintiffs' statutory rescission rights, thereby extending plaintiffs' rescission rights for the full three-year period set forth in 15 U.S.C. § 1635(f). However, as explained in defendant's Brief (Doc. 9), in *Veale*, the Eleventh Circuit ***specifically disagreed with and declined to follow*** the Third Circuit's *Porter* holding[34] relied on by plaintiffs.[35]  Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding[36] (also relied on by plaintiffs[37]), noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[38]

Nowhere do plaintiffs dispute that their authorities from outside the Eleventh Circuit are inconsistent with Eleventh Circuit law.  Plaintiffs do not dispute that

---

[33] Doc. 1, Compl., at ¶¶ 9, 15, 26, 37, 48, 59, 70, 81, 92, 103, & 114.

[34] *See In re Porter*, 961 F.2d 1066 (3d Cir. 1996).  On page 15 of their Response (Doc. 13), plaintiffs cite this case as *Porter v. Mid-Penn Consumer Disc. Co.*

[35] *See Veale*, 85 F.3d at 581.

[36] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006).

[37] *See* Doc. 13, Response, at p. 14.

[38] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.'  As the Eleventh Circuit  has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted).  The *Santos-Rodriguez* court further explained that that *Veale* was still good law.  *Id.* at 18 n.10.

they received and signed, on July 30, 2004, March 7, 2006, January 4, 2006, May 24, 2005, December 18, 2004, March 11, 2005, June 22, 2004, July 19, 2004, June 16, 2004, and June 29, 2005, respectively, both the "NOTICE OF RIGHT TO CANCEL" forms and the "ONE WEEK CANCELLATION PERIOD" forms.[39] It is further undisputed that **_no_** plaintiff in this case made any attempt to rescind the transactions either within the statutory three-day period or within the one-week contractual period. As such, plaintiffs' rights to rescind expired long before they allegedly began sending rescission letters on February 7, 2007,[40] and their present claims are due to be dismissed.

    F.    **Plaintiffs' Arguments Relating to the "Tolling" of the Statute of Limitations Are a Red Herring and Are Otherwise Without Merit.**

As noted in section A above, characterizing defendant's argument for dismissal as a "statute of limitations" argument misses the point. But even if it did apply, "equitable tolling" cannot revive any such time-barred claims. In arguing for "equitable tolling," plaintiffs' Response (Doc. 13) merely cites the Eleventh Circuit's decision in *Ellis v. General Motors Acceptance Corp.*[41] The *Ellis* court held that the one-year statute of limitations set forth in 15 U.S.C. § 1640(e) is not

---

[39] *See* Exs. C-V attached to Doc. 9, Defendant's Brief.

[40] *See* Doc. 1, Compl., ¶¶ 18, 29, 40, 51, 62, 73, 84, 95, 106 & 117.

[41] *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998).

jurisdictional and therefore could potentially be subject to "equitable tolling." However, *Ellis* suggests that "equitable tolling" only applies where the plaintiff's cause of action has been fraudulently concealed,[42] and plaintiffs here have not averred any "fraudulent concealment" at all, much less done so with the particularity required by Rule 9(b).[43]

On page 6-8 of their Response (Doc. 13), plaintiffs also claim that TILA's one-year statute of limitations does not apply to plaintiffs' claims because their "claims are involved in at least one of several class action [sic] pending against AMC" and by action by "49 of the country's states and attorneys general." For their class action argument, plaintiffs cite the Supreme Court's decisions in *Crown, Cork & Seal Co. v. Parker*[44] and *American Pipe & Construction Co. v. Utah*.[45] These cases held that the filing of a putative class action "suspends" the statute of limitations "as to all asserted members of the class."[46] For their "states and attorneys general" argument, plaintiffs cite the text of 15 U.S.C. § 1635(f).

---

[42] *Id.* at 708.

[43] *See* FED. R. CIV. P. 9(b).

[44] *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983).

[45] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 438, 554 (1974).

[46] *Am. Pipe*, 414 U.S. at 554; *see Crown, Cork*, 462 U.S. at 350 (*American Pipe* holding applies to "all asserted members of the class," not just those who seek to intervene).

However, none of these cited various putative class actions and attorneys general actions appear to specifically address the allegations at issue in plaintiffs' Complaint here -- namely, that defendant used "form notices" that were "blank, unsigned and not dated."[47]  Rather, the class actions and attorneys general action that plaintiffs cite appear to involve challenge to numerous aspects of defendant's lending practices under numerous statutory theories.  In the case at bar, in contrast, plaintiffs seek to challenge only one of defendant's alleged practices (namely, defendant's disclosure of rescission rights through the "NOTICE OF RIGHT TO CANCEL" and "ONE WEEK CANCELLATION" forms) and seek, in effect, relief for only one alleged TILA violation (defendant's failure to effect rescission).

To accept plaintiff's ill-defined *American Pipe* and 15 U.S.C. § 1635(f) arguments would be tantamount to holding both the one-year limitations period in 15 U.S.C. § 1640(e) and the three-business-day period for rescission in 15 U.S.C. § 1635(e) meaningless.  Defendant is a nationwide lender and is potentially subject, at any one time, to a multitude of putative class actions brought across the country.  Under plaintiffs' theory, a Rule 12(b)(6) dismissal could never be appropriate because somewhere out there, just possibly, there could be a putative class action covering plaintiffs' claims which was filed within the limitations period.

---

[47] Doc. 1, Compl., ¶¶ 15, 26, 37, 48, 59, 70, 81, 92, 103 & 114.

Of course, if the Court wishes to examine which plaintiffs were covered by which putative class action when and thereby allow these particular plaintiffs' claims to proceed to discovery, the Court should nevertheless dismiss now the claims of all plaintiffs the Court finds were not included in any putative class.

## CONCLUSION

**WHEREFORE**, defendant respectfully requests that the Court enter an order dismissing the plaintiffs' Complaint.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

        Kenneth J. Riemer, Esq.
        P.O. Box 1206
        Mobile, Alabama 36633

        Earl P. Underwood, Jr., Esq.
        James D. Patterson, Esq.
        Law Offices of Earl P. Underwood, Jr.
        P.O. Box 969
        Fairhope, Alabama 36533-0969

                s/ Stephen J. Bumgarner
                OF COUNSEL